FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

2016 FEB 19  AM 11: 31

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ANNETTE SCHULTZ,

      **Plaintiff,**

Case No. 6:16-CV-293-ORL-37-KRS

v.

JEFFREY L. ASHTON, in his Official Capacity,
as STATE ATTORNEY FOR THE NINTH
JUDICIAL CIRCUIT,

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, ANNETTE SCHULTZ ("Schultz"), by and through her undersigned counsel, hereby files suit against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT ("The State Attorney" or "Ashton").  In support thereof, Schultz alleges as follows:

### JURISDICTION AND VENUE

    1.    This is an action against Ashton, alleging: (1) disability discrimination under the Florida Civil Rights Act of 1992 ("FCRA"); (2) retaliation under the FCRA; (3) disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (4) retaliation in violation of the ADA; and (5) unpaid wages pursuant to Section 448.08, Florida Statutes.

    2.    Schultz is an individual residing in Orange County, Florida.

1

3.      The State Attorney for the Ninth Judicial Circuit is a government officer and was Schultz's employer at all relevant times.

4.      Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida because the events underlying this Complaint took place in both Orange County, Florida and Osceola County, Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Prior to the filing of this civil action, Schultz timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations, thus fulfilling her requirement to exhaust her administrative remedies prior to filing suit.  A true and correct copy of the Charge of Discrimination filed with these administrative agencies is attached hereto and incorporated herein as Exhibit 1.

6.      Schultz has received a Notice of Right to Sue from the EEOC, indicating that she may proceed to Court.  A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto and incorporated herein as Exhibit 2.

## GENERAL FACTUAL ALLEGATIONS

7.      Schultz worked as an Assistant State Attorney from January 1991 through August 15, 2014, when her employment with The State Attorney ended.

8.      Throughout her time with The State Attorney, Schultz accumulated vacation time.

9.      In May 2003, Schultz was diagnosed with multiple myeloma, a form of cancer. Schultz informed then State Attorney, Lawson Lamar, of her condition.  Following her diagnosis, Schultz requested and received a one-year leave of absence where she underwent aggressive cancer treatments, including two bone marrow transplants.  As a result of her treatments, Schultz's immune system had weakened and she was not able to engage in physical activities as a result of her cancer.

10.     Thus, on or about July 1, 2004, Schultz returned from her leave of absence and requested two accommodations: (1) that she not be in a person-intensive atmosphere, given her weakened immune system; and (2) that she not be in court every day due to the physical exertion.

11.     Following her request, Schultz was transferred to handle intake for all non-arrest cases in Osceola County, Florida, where she remained for the next eight plus years.  In this capacity, Schultz processed new charges from law enforcement agencies, decided whether to prosecute, and filed formal charges.

12.     In or around September 2012, Jeffrey L. Ashton was elected as State Attorney for the Ninth Judicial Circuit. In October 2012, following Ashton's election, and before he took office, Linda Drane Burdick met with Schultz and informed Schultz that Ashton would not be providing the prior accommodations that she had been receiving in Osceola County.  Burdick informed Schultz that they would be moving her to another Unit and asked Schultz for her preferences, in which Schultz provided Burdick the information.   Burdick denied all of Schultz's requests.

13.     In November 2012, Schultz moved from doing intake in Osceola County to a position in downtown Orlando. There she handled all sealing and expunction requests for Orange and Osceola counties as well as helping inexperienced prosecutors with their work. She also continued to handle some of the intake from Osceola county. During this time period she also co-chaired a murder case, and co-chaired a DUI case with and inexperienced prosecutor.

14.     Ashton formally took office in or around January 2013, and in his capacity as State Attorney, Schultz was told that Ashton desired to have more "trial lawyers" working for the State Attorney's Office and that he wanted to retain "those willing to try cases and those effective at trying cases."

15.     Schultz continues her role in Orange County, but was also assigned trials.  Just prior to the office re-organization in July 2013, Schultz trained all prosecutors in the office in how to do Sealing and Expungements as well as putting together a comprehensive guide on how to do them.

16.     Beginning in July 2013, an office reorganization took place, and Schultz requested to be assigned to the Economic Crimes Unit due to her continued physical limitations and also because she had the requisite experience.  Schultz was assigned to this position.

17.     While Schultz was in the Economic Crimes Unit, she was hounded about the number of trials she was conducting, notwithstanding the fact that her trial statistics were above average as compared to other attorneys in her division.

18.     On or around November 18, 2013, Defendant attempted to move Schultz to the General Felony division and assign another attorney, John Namey, to Economic Crimes because it was too taxing for him and it was compromising his health.

19.     Schultz spoke to Mark Wixtrom, her immediate supervisor and the Trial Unit Chief, to formally request a reasonable accommodation for her disability.

20.     During their conversation, Schultz disclosed to him her cancer condition and requested an accommodation consistent with her physical limitations.  Schultz explicitly told Wixtrom – who expressed to Schultz that he believed she was doing fine in her current position – that she would prefer to stay in her current position or transfer to any other that was not physically intensive.

21.     Schultz never received a response to her accommodation request. Instead, The State Attorney's Human Resources Manager, Frank Feliciano, provided Schultz with Family and Medical Leave Act ("FMLA") paperwork.  Schultz responded by noting that she was neither desirous nor needing FMLA leave.

22.     Schultz remained in the Economic Crimes Unit, and over the course of the next several months, Schultz performed her job in the economic crimes division well.   In addition to handling a large case load and doing her own intakes, Schultz took on additional cases to conform with Ashton's expectations that his assistant state attorneys be "trial attorneys."  On or about July 14, 2014, Schultz successfully conducted a three-day trial on a matter that had been tried by another attorney initially and reversed on appeal.  Notably, the attorney who tried the case originally was not asked to re-try the case, even though it was The State Attorney's policy and practice for the same attorney to try the case.

5

23.    On or about July 16, 2014, Burdick notified Schultz that she was being terminated, effective immediately, because Schultz was "not a trial lawyer."

24.    Burdick also told Schultz that in the alternative, she could resign her employment, and receive payment for the remainder of her accumulated vacation time. Schultz refused to resign and was given one month notice. Schultz's last day of employment was August 15, 2014. In the month prior to her effective termination date, Schultz conducted one more trial.

25.    At the time of her termination, Schultz had accumulated approximately 300 hours of unused vacation time. To date, Schultz has not been paid any wages for her unused, accumulated vacation time.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

26.    Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

27.    Schultz has been diagnosed with multiple myeloma, a form of cancer, which places her in a protected category under the FCRA.

28.    At all material times, Schultz was qualified to perform and did perform the essential functions of her job as an Assistant State Attorney with The State Attorney with or without reasonable accommodation.

29.    Schultz was discriminated against and subject to adverse employment actions based on her disability when she was treated less favorably than similarly situated employees outside of her protected class and then ultimately terminated.

6

30.     Similarly situated co-workers in the Economic Crimes Unit received poor results and lower evaluations than Schultz. However, none of Schultz's similarly-situated co-workers in the Economic Crimes Unit were disciplined or terminated.

31.     As a direct and proximate result of The State Attorney's discrimination, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

32.     As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

### COUNT II: RETALIATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

33.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

34.     Schultz has been diagnosed with multiple myeloma, a form of cancer, which places her in a protected category under the FCRA.

35.     Schultz engaged in statutorily protected activity by requesting a reasonable accommodation and by complaining about unlawful disability discrimination, including but not limited to, complaining to Frank Feliciano, Human Resources, that she did not want to take FMLA leave, which was recommended by The State Attorney.

7

36. After Schultz engaged in this protected activity, The State Attorney retaliated against her by terminating her employment.

37. The adverse employment actions suffered by Schultz are causally related to, and in retaliation for, Schultz having engaged in protected activity.

38. As a direct and proximate result of The State Attorney's retaliation, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

39. As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT III: FAILURE TO ACCOMMODATE UNDER
## THE FLORIDA CIVIL RIGHTS ACT

40. Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

41. Schultz has been diagnosed with multiple myeloma, a form of cancer, which places her in a protected category under the FCRA.

42. Schultz informed The State Attorney of her multiple myeloma and requested an accommodation.

43.     There were accommodations available that would have been effective and which would not cause an undue hardship to The State Attorney.

44.     The State Attorney failed to provide an accommodation by failing to engage in the interactive process and instead terminated Schultz.

45.     As a direct and proximate result of The State Attorney's retaliation, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

46.     As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IV: REGARDED AS DISABLED UNDER
## THE FLORIDA CIVIL RIGHTS ACT

47.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

48.     The State Attorney perceived Schultz as an individual with a disability when it terminated her employment.

49.     At all material times, Schultz was qualified to perform and did perform the essential functions of her job as an Assistant State Attorney with The State Attorney with or without reasonable accommodation.

50.     Schultz was discriminated against and subject to adverse employment actions based on her disability when she was treated less favorably than similarly situated employees outside of her protected class and then ultimately terminated.

51.     Similarly situated co-workers in the Economic Crimes Unit received poor results and lower evaluations than Schultz.  However, none of Schultz's similarly-situated co-workers in the Economic Crimes Unit were disciplined or terminated.

52.     As a direct and proximate result of The State Attorney's discrimination, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

53.     As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT V:  DISABILITY DISCRIMINATION IN VIOLATION
## OF THE AMERICANS WITH DISABILITIES ACT

54.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

55.     Schultz has been diagnosed with multiple myeloma, a form of cancer, which places her in a protected category under the ADA.

56.     At all material times, Schultz was qualified to perform and did perform the essential functions of her job as an Assistant State Attorney with The State Attorney with or without reasonable accommodation.

57.     Schultz was discriminated against and subject to adverse employment actions based on her disability when she was treated less favorably than similarly situated employees outside of her protected class and then ultimately terminated.

58.     Similarly situated co-workers in the Economic Crimes Unit received poor results and lower evaluations than Schultz.  However, none of Schultz's similarly-situated co-workers in the Economic Crimes Unit were disciplined or terminated.

59.     As a direct and proximate result of The State Attorney's discrimination, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

60.     As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

### COUNT VI:  RETALIATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

61.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

62.     Schultz has been diagnosed with multiple myeloma, a form of cancer, which places her in a protected category under the ADA.

63.     Schultz engaged in statutorily protected activity by requesting a reasonable accommodation and by complaining about unlawful disability discrimination, including but not limited to, complaining to Frank Feliciano, Human Resources, that she did not want to take FMLA leave, which was recommended by The State Attorney.

64.     After Schultz engaged in this protected activity, The State Attorney retaliated against her by terminating her employment.

65.     The adverse employment actions suffered by Schultz are causally related to, and in retaliation for, Schultz having engaged in protected activity.

66.     As a direct and proximate result of The State Attorney's retaliation, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

67.     As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT VII: FAILURE TO ACCOMMODATE UNDER
## THE AMERICANS WITH DISABILITIES ACT

68.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

69.     Schultz has been diagnosed with multiple myeloma, a form of cancer, which places her in a protected category under the ADA.

70.     Schultz informed The State Attorney of her multiple myeloma and requested an accommodation.

71.     There were accommodations available that would have been effective and which would not cause an undue hardship to The State Attorney.

72.     The State Attorney failed to provide an accommodation by failing to engage in the interactive process and instead terminated Schultz.

73.     As a direct and proximate result of The State Attorney's retaliation, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

74.     As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT VIII: REGARDED AS DISABLED UNDER
## THE AMERICANS WITH DISABILITIES ACT

75.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

76.    The State Attorney perceived Schultz as an individual with a disability when it terminated her employment.

77.    At all material times, Schultz was qualified to perform and did perform the essential functions of her job as an Assistant State Attorney with The State Attorney with or without reasonable accommodation.

78.    Schultz was discriminated against and subject to adverse employment actions based on her disability when she was treated less favorably than similarly situated employees outside of her protected class and then ultimately terminated.

79.    Similarly situated co-workers in the Economic Crimes Unit received poor results and lower evaluations than Schultz.  However, none of Schultz's similarly-situated co-workers in the Economic Crimes Unit were disciplined or terminated.

80.    As a direct and proximate result of The State Attorney's retaliation, Schultz has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

81.    As a result of The State Attorney's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, interest, costs, and attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IX:  UNPAID WAGES

82.     Schultz re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, above, as if fully set forth herein.

83.     Schultz, as an employee of The State Attorney, earned vacation pay as a form of remuneration.

84.     Schultz's employment with The State Attorney ended on or about August 15, 2014.

85.     At the time of Schultz's termination, she had 300 hours of unused, accumulated vacation time.   It was a customary practice for The State Attorney to pay employees for accumulated, unused vacation time upon separation of employment.

86.     Schultz has not been compensated for the value of her unused, accumulated vacation time from her employment with The State Attorney, constituting unpaid wages.

87.     As a direct and proximate result of The State Attorney's retaliation, Schultz has suffered damages.

88.     As a result of Defendant's actions, Schultz has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, ANNETTE SCHULTZ, respectfully prays for the entry of a judgment against Defendant, JEFFREY ASHTON, in his official capacity as STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT, for damages, costs, and attorneys' fees pursuant to Fla. Stat. § 448.08, together with such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Schultz respectfully demands a trial by jury on all issues so triable.

Dated this 18th day of February 2016.

Respectfully submitted,

/s/ Carlos J. Burruezo, Esq.
CARLOS J. BURRUEZO, ESQ.
Florida Bar Number 843458
Primary: carlos@burruezolaw.com
Secondary: docketing@burruezolaw.com
Tertiary: kathy@burruezolaw.com

BERTHA L. BURRUEZO, ESQ.
Florida Bar Number 0596973
bertha@burruezolaw.com

VANESSA A. BRAGA, ESQ.
Florida Bar Number 112843
vanessa@burruezolaw.com

BURRUEZO & BURRUEZO, PLLC
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorneys for Plaintiff, ANNETTE SCHULTZ

4840-1667-4606, v. 1

16