UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNETTE SCHULTZ,  CASE NO: 6:16-CV-293-ORL-37-KRS

    Plaintiff,

v.  **DISPOSITIVE MOTION**

JEFFREY L. ASHTON, in his
Official Capacity, as STATE
ATTORNEY FOR THE NINTH
JUDICIAL CIRCUIT,

    Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Jeffrey L. Ashton, in his Official Capacity as State Attorney for the Ninth Judicial Circuit ("Ashton"), moves this Court for an order dismissing Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12. The grounds for this Motion are as follows:

**BACKGROUND AND SUMMARY OF ARGUMENT**

1. Plaintiff, Annette Shultz ("Plaintiff"), filed suit against Ashton in this Court on February 18, 2016. Plaintiff, a former Assistant State Attorney, alleges in her Complaint that Ashton violated her rights under the Florida Civil Rights Act ("FCRA") [Doc. 1, Counts I through IV], the Americans with Disabilities Act ("ADA") [Doc. 1, Counts V through VIII], and Florida's Unpaid Wage Statute, Section 448.08, Florida Statutes [Doc. 1, Count IX].

2. The State, its agencies, subdivisions and officials, however, are immune from liability under the ADA pursuant to the Eleventh Amendment to the United States Constitution. Therefore, all of Plaintiff's ADA claims must be dismissed.

3. Upon dismissal of Plaintiff's ADA claims, only Plaintiff's state law claims shall remain. However, the Eleventh Amendment bars the Court from hearing those claims as well, and they should be dismissed. Alternatively, the Court should decline to exercise supplemental jurisdiction over the state law claims given the early stage of this litigation.

## ARGUMENT

4. Plaintiff herein sues Ashton in his official capacity as State Attorney for the Ninth Judicial Circuit. [Doc. 1]. As State Attorney for the Ninth Judicial Circuit, Ashton is a state official. *See §* 112.3142, Florida Statues; *Kelly v. Sturgis*, 453 So. 2d 1179 (Fla. 5th 1984). Suit against Ashton in his official capacity is no different than suing the Office of the State Attorney. *See Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 378 (1985) (As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity).

5. It is well-established that the Eleventh Amendment bars suits against state officials and agencies. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000) ("Accordingly, for over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974) (suits brought by private parties seeking to impose liability that must be paid from public funds in the state treasury are barred by the Eleventh Amendment); *McGuire v. Florida Lottery*, 520 Fed. Appx. 850, 851 (11th Cir. 2013) (the Florida lottery enjoys immunity as a State agency pursuant to the Eleventh Amendment"); *Lewis v. Florida*, 14-22503-CIV, 2014 WL 4101508, at *3 (S.D. Fla. 2014) (recognizing that Eleventh Amendment immunity extends to agencies, subdivisions, and State officers); *Helm v. Liem*, No.

2:10-cv-288-FtM-29SPC, 2012 WL 1366747, at *3 (M.D. Fla. Apr. 19, 2012) ("Eleventh Amendment immunity from suit in federal court applies not only to a State itself, but to an 'arm of the State, . . . and suits against a state officer in his or her official capacity.'") (citations omitted); and *Hood v. Dep't of Children & Families*, No. 2:12-cv-637-FtM-29DNF, 2014 WL 757914, at *4 (M.D. Fla. Feb. 26, 2014) ("[I]f a suit against the government entity is barred, the suit against the official in his official capacity is also barred.").

6. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health & Rehab. Serv.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *see also Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 962, 148 L.Ed. 26 866 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). Here, there has been no legitimate abrogation of immunity by Congress, and the State of Florida has not waived immunity as it pertains to ADA claims.

7. This question of whether there was a legitimate abrogation of immunity by Congress in the context of the ADA was addressed by the Supreme Court in *Board of Trustees of University of Alabama v. Garrett*, in which the Supreme Court stated the following:

> … Congress is the final authority as to desirable public policy, but in order to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation. Those requirements are not met here, and to uphold the Act's application to the States would allow congress to rewrite the Fourteenth Amendment law laid down by this Court in *Cleburne*. Section 5 does not so broadly enlarge congressional authority.

531 U.S. at 374 (2001); *see also Usserty v. Louisiana*, 150 F.3d 431, 434 (5th Cir. 1998)

(unlike claims of race and sex discrimination under Title VII where Title VII "clearly abrogated the states' Eleventh Amendment immunity" claims under the ADA cannot be brought against the State). The Supreme Court in *Garrett* held: "Suits in federal court by state employees to recover money damages by reason of the State's failure to comply with Title I of the ADA are barred by the Eleventh Amendment." *Garrett*, 531 U.S. at 356; *see also Cory v. White*, 457 U.S. 85, 90-91, 102 S.Ct. 2353, 72 L.Ed. 2d 694 (1982) (whether for monetary damages or for injunctive relief, any suit against a state in federal court is barred under the Eleventh Amendment).

8. Likewise, the State of Florida has not waived its right to be immune from suits brought pursuant to the ADA. Section 768.28, Florida Statutes, entitled "Waiver of Sovereign Immunity in Tort Actions" states as follows:

> In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, **hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act**. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

(Emphasis supplied).

9. A claim under the ADA is not a tort action contemplated by Section 768.28. Thus, Section 768.28 is inapplicable here. As stated by the Eleventh Circuit in *Gamble v. Florida Department of Health and Rehabilitative Services*:

> The waiver does not constitute consent to suit in federal court under § 1983. By declaring that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a

4

> private individual under like circumstances," Fla.Stat.Ann. § 768.28(5); accord Fla.Stat.Ann. § 768.28(1), the Florida legislature gave a strong indication that it did not intend to waive its immunity to civil rights actions.

779 F.2d 1509, 1515 (11th Cir. 1986); *see also Hill v. Dep't of Corrections*, 513 So. 2d 129 (Fla. 1987) ("We agree with these federal interpretations of our statute and find them fully applicable with respect to whether Florida has waived its common law immunity against civil rights actions filed in state courts. While Florida is at liberty to waive its immunity from section 1983 actions, it has not done so. The recovery ceilings in section 768.28 were intended to waive sovereign immunity for state tort actions, not federal civil rights actions commenced under section 1983.")

10. Indeed, neither the Florida Constitution nor any enactments by the Florida legislature could be construed to constitute a waiver by the State of its Eleventh Amendment immunity. *See Shinholster v. Graham*, 527 F.Supp. 1318, 1331-32 (N.D. Fla. 1981) ("After exhaustive examination of the applicable Florida Statutes and their legislative histories, the undersigned must conclude that the State of Florida has not statutorily waived its Eleventh Amendment immunity for itself, nor for any arms of the state, nor for its officers, employees or agents sued in their official capacities.").

11. Based on the foregoing, Plaintiff cannot raise her ADA claims in federal court, and Ashton is immune from liability under the ADA. As such, Plaintiff's ADA claims, all of which are brought under Title I of the ADA[1], should be dismissed, and the dismissal should be with prejudice.

12. The Eleventh Amendment likewise bars the Court from hearing Plaintiff's state law

---

[1] The ADA addresses discrimination against the disabled in three ways: Title I prohibits *employment discrimination*; Title II prohibits discrimination in the services of public entities; and Title III prohibits discrimination in places of public

claims under the FCRA and §448.08, Florida Statues.  *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), *cert. denied*, 124 S.Ct. 1061 (2004) (Eleventh Amendment "protects a State from being sued in federal court without the State's consent.").  Alternatively, the Court should decline to exercise supplemental jurisdiction by dismissing the state law claims.  *See, e.g., Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L. Ed .2d 720 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.")

WHEREFORE, Jeffrey L. Ashton, in his Official Capacity as State Attorney for the Ninth Judicial Circuit, prays that this Motion to Dismiss be granted, that Plaintiffs' lawsuit be dismissed in its entirety, that Defendant recover his costs, and that the Court award such other and further relief as is deemed just and proper.

Dated: March 17, 2016.

Respectfully submitted,

*/s/ Richard V. Blystone*
JEFFREY S. WEISS, ESQ.
Florida Bar No. 750565
RICHARD V. BLYSTONE, ESQ.
Florida Bar No. 17207
Garganese, Weiss & D'Agresta
111 North Orange Avenue, Suite 2000
Orlando, Florida 32801
Telephone: (407) 425-9566
Primary email:   jweiss@orlandolaw.net
                 rblystone@orlandolaw.net
Secondary email: pedwards@orlandolaw.net
                 cmeeks@orlandolaw.net
                 sjohnson@orlandolaw.net

---

accommodation.   42 U.S.C. §12101, *et seq.*

6

Attorneys for Defendant, Jeffrey L. Ashton, in his
Official Capacity as State Attorney for the Ninth
Judicial Circuit

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to: Carlos J. Burruezo, Esquire, Bertha L. Burruezo and Vanessa L. Braga, Esquire, Burruezo & Burruezo, PLLC, 941 Lake Baldwin Lane, Suite 102, Orlando, Florida 32814, Attorneys for Plaintiff.

<u>Richard V. Blystone</u>
JEFFREY S. WEISS, ESQUIRE
Florida Bar No. 750565
RICHARD V. BLYSTONE, ESQUIRE
Florida Bar No. 17207
GARGANESE, WEISS & D'AGRESTA, P.A.
111 N. Orange Avenue, Suite 2000
Orlando, Florida 32801
Tel: 407-425-9566/Fax: 407-425-9596
Primary email: jweiss@orlandolaw.net
rblystone@orlandolaw.net
Secondary email: pedwards@orlandolaw.net
sjohnson@orlandolaw.net
cmeeks@orlandolaw.net
Attorneys for Defendant